EXHIBIT A

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

GEORGE CUNNINGHAM,

    Petitioner,

v.

                           CASE No. 2:21-cv-158

                           HON. ROBERT J. JONKER

MARIA QUINN and PAUL QUINN,

    Respondents.

_____/

## OPINION AND ORDER

### INTRODUCTION

This is a Hague Convention proceeding brought by a *pro se* petitioner. Petitioner moves for permission to proceed in this action *in forma pauperis* under 28 U.S.C. § 1915. (ECF No. 2). Petitioner has not filed the motion using the required AO Form 239. Nevertheless, based on the materials submitted, the Court is satisfied that Movant lacks the financial wherewithal to pay the filing fee in this matter and grants Petitioner's motion to proceed *in forma pauperis*. Consequently, this action is subject to judicial screening under 28 U.S.C. § 1915(e)(2)(B)(i)-(ii), which provides that the court "shall dismiss" actions brought *in forma pauperis*, "at any time if the court determines that . . . the action . . . (i) is frivolous or malicious; [or] (ii) fails to state a claim on which relief may be granted." The Court has reviewed the Complaint, the pending motions (ECF Nos. 3 and 5) and the supplements (ECF Nos. 6 and 7). For the reasons set out below, this matter is dismissed.

## BACKGROUND

Petitioner, a convicted sex-offender, brings this action purportedly under the Hague Convention to "return" a minor child, Z.C.[1] to the child's mother and brother currently located in the Philippines. Petitioner is Z.C.'s biological father and traveled with Z.C. from Malaysia to Columbus, Ohio on November 13, 2014, when Z.C. was 11 months old. All indications are that Z.C.'s biological mother had no objection to Petitioner's decision to travel to the United States with Z.C. She is not a party to this proceeding. Upon arrival in Ohio, Petitioner and Z.C. were separated.[2] Petitioner says that Z.C.'s mother was unable to obtain a visa to travel to the United States, and that the Ohio courts would not permit other family members to return Z.C. to the Philippines, though Z.C.'s mother has not directly asserted any such thing. Ohio officials placed Z.C. in foster care. Z.C. is currently in the legal custody of his aunt and uncle—the Respondents in this case. Z.C.'s adoption by the Respondents appears to be imminent.

This is at least the third attempt Petitioner has initiated to stymie the adoption. The first, and most alarming, was a March 2019 incident in which Petitioner and another individual allegedly used weapons to kidnap Z.C. Petitioner is currently lodged at the Chippewa County jail awaiting trial on charges tied to those events. While lodged at the jail, Petitioner made his second attempt by filing a purported habeas corpus action on behalf of Z.C. under 28 U.S.C. § 2241. In the petition, Petitioner alleged that the Respondents and Ohio State Court officials violated Z.C.'s constitutional rights by placing Z.C. in the custody of the Respondents. On August 12, 2020, The Honorable Paul Maloney dismissed the habeas petition on Rule 4 screening. *Cunningham v.*

---

[1] While Petitioner provides the full name of the minor child, the Court uses the child's initials under Fed. R. Civ. P. 5.2.

[2] Petitioner does not say why but it appears from publicly available documents that there was an Ohio warrant for Petitioner's arrest on charges of various sex crimes. Petitioner ultimately pleaded guilty in 2015 to Ohio crimes of gross sexual imposition. He remains a registered sex offender for this.

2

*Quinn*, Case No. 2:20-cv-129, ECF No. 6 (W.D. Mich. August 12, 2020). Undeterred, Petitioner filed this action on July 8, 2021, while still lodged in the jail. He seeks an Order requiring that Z.C. be "returned" to the Philippines, and that the adoption by Respondents be stopped.

## DISCUSSION

Dismissal of a Complaint for failure to state a claim on which relief can be granted under § 1915(e)(2) is appropriate where the factual allegations fail to state a plausible basis for relief. *Hill v. Lappin*, 630, F.3d 468, 472 (6th Cir. 2010) (adopting *Iqbal/Twombly* standard). Dismissal of a claim as frivolous is appropriate where a legal theory is "indisputably meritless," or when the theory rests on "fantastic or delusional" factual claims. *Id.* The record in this case clearly reflects that Petitioner has no factual or legal basis for relief under the Hague Convention.

"The Hague Conference on Private International Law adopted the Hague Convention in 1980 '[t]o address the problem of international child abductions during domestic disputes.'" *Monasky v. Taglieri*, 140 S. Ct. 719, 723 (2020) (quoting *Lozano v. Montoya Alvarez*, 572 U.S. 1, 4 (2014)). The Hague Convention is designed "'to protect children internationally from the harmful effects of their wrongful removal or retention and to establish procedures to ensure their prompt return to the State of their habitual residence, as well as to secure protection for rights of access.'" *Friedrich v. Friedrich*, 983 F.2d 1396, 1399-1400 (6th Cir. 1993) (quoting the preamble to the Hague Convention). Congress implemented the Hague Convention through the International Child Abduction Remedies Act ("ICARA"), which is codified at 22 U.S.C. § 9001 *et seq*. "The parent seeking return of a child under the Hague Convention must prove by a preponderance of the evidence that the child was 'wrongfully removed . . . within the meaning of the Convention.'" *Taglieri v. Monasky*, 907 F.3d 404, 407 (6th Cir. 2018) (en banc) (quoting 22 U.S.C. § 9001(4)). "Wrongful removal" under the Hague Convention means "taking a child in violation of custodial

3

rights 'under the law of the State in which the child was habitually resident immediately before the removal.'" *Id.* (quoting Hague Convention art. 3.).

The allegations in Petitioner's pleadings fail to state a plausible claim under the Hague Convention or the ICARA. By his own admission, Petitioner came with Z.C. here to the United States on his own in 2014. Furthermore, the mother knew and did not disapprove. So there was no "wrongful" removal of the child across international borders. True, authorities separated father and son at the airport (in Columbus, Ohio) when they arrived. But Petitioner does not aver that this was due to any violation of custodial rights of the law of the Philippines. Nor could he, based on the representations in his pleadings. Rather, based on the facts recited in the habeas opinion before Judge Maloney, the separation likely occurred because Petitioner was arrested when he arrived in Columbus to face Ohio criminal charges. So the "separation" was imposed by domestic law enforcement on the ground in Ohio. If it was wrongful at all—and Petitioner's later guilty plea to gross sexual imposition demonstrates it was not—that is beyond the scope of the Hague Convention and would be the normal grist for the mill of domestic courts.

Moreover, the hour is late. Petitioner traveled with the child to the United States in 2014 when Z.C. was less than a year old. Z.C. has apparently been in the United States ever since, and would appear to be currently seven or eight years of age. Article 12 of the Hague Convention provides that even if a child has been wrongfully removed, a delay of more than one year in the filing of the application for return may mean the child will not be ordered returned if the child has settled in his or her new environment. *Lozano*, 572 U.S. at 6 (noting that "in some cases, failure to file a petition for return within one year renders the return remedy unavailable."). While Article 12 is not a statute of limitations in the strictest sense, the Court must still consider under Article 12 whether too much time has passed. Particularly when law enforcement and courts in Ohio and Michigan are already involved, and the child has been here for a lengthy period of time—perhaps

4

eight times the amount of time Z.C. has lived outside the United States—this is not the kind of case that calls for a Convention proceeding. And certainly not for a "return" to the Philippines to a person (Z.C.'s mother) who has not actually signed the petition herself.

## CONCLUSION

**ACCORDINGLY, IT IS ORDERED**

1. Petitioner's Motion for Leave to Proceed IFP (ECF No. 2) is **GRANTED.**

2. Petitioner's Complaint is **DISMISSED** for failure to state a claim under 28 U.S.C. §1915(e)(2)(B)(i)-(ii).

3. Petitioner's Motions for Order (ECF Nos. 3 and 5) are **DISMISSED AS MOOT.**

4. This matter is **CLOSED.** A separate Judgment shall issue.


Dated:   July 14, 2021           /s/ Robert J. Jonker
                                 ROBERT J. JONKER
                                 CHIEF UNITED STATES DISTRICT JUDGE

5

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

GEORGE CUNNINGHAM,

    Petitioner,

v.

MARIA QUINN and PAUL QUINN,

    Respondents.

_____/

CASE No. 2:21-cv-158

HON. ROBERT J. JONKER

## JUDGMENT

In accordance with the Opinion and Order entered this day, Judgment is entered in favor of Respondents and against Petitioner dismissing this Hague Convention Proceeding under 28 U.S.C. § 1915(e)(2)(B)(i)-(ii).

Dated:   July 14, 2021            /s/ Robert J. Jonker
                                                      ROBERT J. JONKER
                                                      CHIEF UNITED STATES DISTRICT JUDGE